IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CR-00214-BO

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SHABAZZ M. JENKINS | ) | |

This matter comes before the Court on defendant Shabazz M. Jenkins's motion to dismiss the indictment. [DE 18]. For the following reasons, the Court denies Jenkins's motion.

## BACKGROUND

On 23 February 2023, Shabazz Jenkins was charged with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924. Jenkins has a criminal history going back over a decade. He is a convicted felon. His criminal record reveals felony convictions for common law robbery, conspiracy to commit common law robbery, robbery with a dangerous weapon, multiple counts of assault with a deadly weapon with intent to kill, and possession of a firearm by a felon. [ *see* DE 1; DE 13 at 4].

Jenkins moves this Court to dismiss his indictment as a result of the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). He argues that § 922(g)(1) is unconstitutional both on its face and as applied to him, that § 922(g)(1) is unconstitutionally vague, and that Congress's power to enact firearms regulations rest on an expansive view of the Commerce Clause at odds with its original public meaning. The government opposes Jenkins's motion. Briefing is complete. The Court, in its discretion, declines to hold a hearing. Local Crim. Rule 47.1(g). The motion is ripe for decision.

## ANALYSIS

Jenkins motion is a continuation on a theme. Since the Supreme Court's decision in *Bruen* federal courts have faced a deluge of motions to dismiss indictments with felon in possession charges. This development is not shocking, but it is somewhat surprising considering three Justices in the *Bruen* majority took pains to stress that longstanding prohibitions against felons possessing firearms remained undisturbed. *See Bruen*, 142 S.Ct. at 2157 (Alito, J. concurring) ("Nor have we disturbed anything that we said . . . about restrictions that may be imposed on the possession or carrying of guns."); *Id.* at 2162 (Kavanaugh, J. joined by Roberts, C.J., concurring) ("Nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." (cleaned up) (citation and internal quotation marks omitted)). Heeding these disclaimers, district courts in the Fourth Circuit have held fast to controlling precedent and concluded that § 922(g)(1) is constitutional.[1] This Court is no exception. *See United States v. Clayborne*, No. 5:22-CR-00209-BO, DE 37 at 2 (E.D.N.C. June 6, 2023); *United States v. Garcia-Hernandez*, 5:23-CR-00142-BO, DE 33 at 6–7 (E.D.N.C. Sept. 25, 2023).

And this case will create no exception. Circuit precedent controls the outcome of Jenkins's constitutional challenges to § 922(g)(1). First, he argues that § 922(g)(1) is unconstitutional as applied to him because he is covered by the Second Amendment and the government cannot carry its burden to show that § 922(g)(1) is consistent with the Nation's historical tradition of firearm regulations. Yet according to the Fourth Circuit, "the core right historically protected by the Second Amendment is the right of self-defense by *law abiding*, responsible citizens. *United States*

---

[1] *See, e.g., United States v. Knowlin*, No. 2:23-CR-00532, 2023 WL 6143458 at *1–2 (D.S.C. Sept. 20, 2023); *United States v. Williams*, No. 3:22-CR-158, 2023 WL 6368971, at *4 (E.D. Va. Sept. 28, 2023); *United States v. Nellum Toney*, No. 2:23-00034, 2023 WL 6449443, at *5 (S.D. W. Va. Oct. 3, 2023); *United States v. Lane*, No. 3:22-CR-62, 2023 WL 5663084, at *7 (E.D. Va. Aug. 31, 2023); *Cusick v. U.S. Dep't of Justice*, No. TDC-22-1611, 2023 WL 5353170, at *5 (D. Md. Aug. 18, 2023).

*v. Carpio-Leon*, 701 F.3d 974, 979 (4th Cir. 2012). Jenkins does not fall within that group. His extensive history of felony convictions "clearly demonstrates that he is far from a law-abiding, responsible citizen." *United States v. Moore*, 666 F.3d 313, 320 (4th Cir. 2012). Section 922(g)(1) is thus constitutional as applied to Jenkins, and his challenge fails. Likewise, his facial challenge fails as his as applied challenge indicates that "clearly there are cases where felon firearm possession is constitutionally limited." *Id.* at 319. Because Jenkins's has failed to show that § 922(g)(1) is either facially unconstitutional or as applied to him, the Court denies his attempt to dismiss the indictment on those grounds.

As to Jenkins's vagueness challenge, this Court must "consider whether a statute is vague as applied to the particular facts at issue, for a plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *United States v. Hasson*, 26 F.4th 610, 616–17 (4th Cir. 2022) (cleaned up) (internal quotation marks omitted). At the time of Jenkins's alleged conduct, he was a felon multiple times over. As such, his alleged conduct is clearly proscribed by § 922(g)(1). Accordingly, the Court denies his request to dismiss the indictment on these grounds.

## CONCLUSION

For these reasons, the Court DENIES Jenkins's motion to dismiss the indictment, [DE 18]. SO ORDERED, this ___ day of October 2023.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3